GEORGE *v.* DOBSON.

ADVERSE POSSESSION—INJUNCTION—EVIDENCE—SUFFICIENCY.

On a bill to enjoin defendants from interfering with a strip of land lying on the boundary between a lot owned by plaintiff and a lot owned by defendants, where the evidence sustains the finding of the court below that plaintiff has failed to establish title by adverse possession, the decree of the court below in favor of defendants will be affirmed.

Appeal from Washtenaw; Kinne, J. Submitted January 14, 1919. (Docket No. 28.) Decided April 3, 1919.

Bill by Ellen M. George against Russell T. Dobson and others to enjoin a trespass upon land. From a decree for defendants, plaintiff appeals. Affirmed.

*Black & Black,* for plaintiff.

*Arthur Brown,* for defendants.

MOORE, J. This bill of complaint is filed to enjoin defendants from interfering with a piece of land 2 and 8/100 feet wide at one end, 49 and 7/10 feet long and 3 and 65/100 feet wide at the other end, lying on the boundary line between lot 8 owned by the plaintiff, and lot 7 owned by the defendants. The plaintiff claims to own this land by reason of adverse possession. The learned trial judge found that the plaintiff had failed to sustain the averments of her bill of complaint and that defendants were the owners of the disputed strip and made a decree accordingly.

We quote from the brief of the appellant:

"The plaintiff contends for the three following propositions on this appeal:

"1. The defendant's evidence is not sufficient to

show that the old fence is an established boundary line between the adjoining properties.

"2. The character of the defendant's possession with that of his predecessor's, in title, is not sufficient to disseize the plaintiff of the disputed strip or of any part of her lot 8.

"3. The defendant has failed to show a sufficient tacking of possession of his grantors and predecessors in title to entitle him to any part of lot 8."

An elaborate brief is filed with many cases cited to the proposition that the court erred in its ruling that the defendants were the owners of the disputed strip. The pivotal question is one of fact. A reading of the record satisfies us that the land in litigation is within the boundaries of lot seven. A fence has been maintained many years upon the rear two-thirds of the boundary line between these two lots. The fences on the front of these lots, which lots are used for residential purposes, as is usual in towns and villages, have been removed and those portions of the front of the lots not occupied by the residences have been given over to shrubbery, shade trees and lawns. The evidence is clear that if the fence was extended to the front of the lot it would reach the line of demarkation between the sidewalks in front of the lots occupied by the parties to the litigation, leaving the disputed strip on lot seven.

The plaintiff has failed to show such an open, adverse, notorious and continual possession as would give her title to the land in controversy.

The decree is affirmed, with costs to the defendants.

BIRD, C. J., and STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred. OSTRANDER, J., did not sit.